38 P.3d 344 (2001)
109 Wash.App. 855
E.E. BRIGHTON, Jr., Appellant,
v.
WASHINGTON STATE DEPARTMENT OF TRANSPORTATION and King County, Respondents.
No. 47076-1-I.
Court of Appeals of Washington, Division 1.
December 3, 2001.
Publication Ordered December 21, 2001.
Reconsideration Denied January 8, 2002.
*345 E.E. Brighton, Jr., pro se.
M. Joseph Sloan, Olympia, for Respondents.
*346 BAKER, J.
Edward E. Brighton, Jr. appeals a Finding and Order of the Washington State Department of Transportation (WSDOT). The Finding and Order concluded that the construction of a limited access freeway abutting Brighton's property satisfied local community plans and that no environmental impact statement (EIS) was required for construction of the limited access freeway system. Brighton disputes both of the conclusions in the Finding and Order. We hold that the WSDOT Finding and Order is supported by substantial evidence and affirm.

I
In 1953, a plan to establish State Route 18 (SR18) as a limited access highway was ordered pursuant to Transportation Resolution 95. Since then, sections of SR18 have been acquired and constructed as limited access facilities. The section in controversy has been constructed and operated with county road crossings at grade.
SR18 channels traffic in a generally northeast to southwest direction from Interstate 5 just to the southwest of Auburn, to Interstate 90. Brighton owns a 35-acre parcel of land in Maple Valley which abuts SR18 and the major east-west travel corridor of SE 240th.
In 1994 WSDOT held a public hearing for the purpose of establishing its plan to make the portion of SR18 at issue a limited access highway. At the hearing, Brighton provided to WSDOT a page from the Tahoma/Raven Heights Plan (1984 Tahoma Plan) adopted by the King County Council on October 22, 1984. The 1984 Tahoma Plan called for access to SR18 from SE 240th and for construction of an extension of SE 240th eastward from SR18 to SR 169. After receiving comment and evidence, WSDOT issued a Finding and Order on July 28, 1995 (1995 Finding and Order) establishing the limited access plan. The WSDOT plan proposed to eliminate access to SR18 from SE 240th and extend 256th eastward rather than 240th. The plan also eliminated a proposed frontage road from SE 248th to the interchange on SR18 at SE 256th. Brighton was the only property owner to appeal the 1995 Finding and Order.
Following the hearing on Brighton's appeal, the trial court remanded two issues to WSDOT: (1) the court ordered WSDOT to confer with King County as to the county's plans for SE 240th; and (2) to modify its planning for SR18 to conform to the requirements of King County's Community Plans based upon current and accurate traffic studies and the feasibility of roads in that area. The order also instructed WSDOT to determine whether the elimination of both the frontage road and the extension of SE 240th was a substantial change requiring a supplemental EIS. With these exceptions, the court affirmed WSDOT's order. No appeal was taken from the court's ruling.
Over a period of approximately four years, WSDOT commissioned several studies and conferred with representatives from King County, the City of Covington, and the City of Maple Valley. The 1984 Tahoma Plan was not utilized. WSDOT issued a second Finding and Order relating to limited access on March 14, 2000, (2000 Finding and Order) that specifically addressed the two remand issues concerning Mr. Brighton's parcel of land. The order concluded that the SR18 project would accommodate any decision by local government to extend SE 240th eastward and that no EIS was required by the changes.
Brighton again appealed, and the trial court affirmed the 2000 Finding and Order. In that trial, the court excluded Brighton's proffer of the 1984 Tahoma Plan, thus limiting the evidence at trial to the agency record.[1] The judge found that the State had satisfied the two remand orders and that there was no arbitrary and capricious action.

*347 II
Brighton essentially raises six issues. They are: (1) whether WSDOT was obligated to conform its highway design to the 1984 Tahoma Plan and the 1994 Arterial Capacity Needs Report;[2] (2) whether a supplemental EIS is required with regard to the elimination of the SE 240th extension; (3) whether a new public hearing is required; (4) whether removal of access between SE 240th and SR18 requires a supplemental EIS; (5) whether the 2000 Finding and Order is supported by substantial evidence that WSDOT has complied with the 1996 Remand Order; and finally (6) whether WSDOT's actions were arbitrary and capricious because the 1984 Tahoma Plan was not followed. Of these six, we need only address whether the 2000 Finding and Order is supported by substantial evidence that WSDOT has complied with the 1996 Remand Order, and whether the 2000 Finding and Order was arbitrary and capricious because it did not follow the 1984 Tahoma Plan. Review of the other four issues is barred by the doctrine of collateral estoppel, the statute of limitations, and Brighton's failure to appeal the 1996 Remand Order.
The doctrine of collateral estoppel bars relitigation of an issue after the party against whom the doctrine is applied has had a full and fair opportunity to litigate his or her case.[3] The purpose of the doctrine is to promote the policy of ending disputes.[4] The party asserting the doctrine must prove: (1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice.[5] Here, the first four of Brighton's issues fall squarely within the four-part test.[6] All four were raised in the 1996 trial that resulted in the Remand Order. The issues are identical and so are the parties. Brighton offers no reason why applying the doctrine would result in an injustice.
Moreover, Brighton never appealed the 1996 Remand Order. The 1996 Remand Order limited the scope of review by affirming the plan and remanding two specific issues: (1) modify planning for the extension of SE 240th to conform to King County's community plans; and (2) determine whether elimination of the SE 240th extension and frontage road required a supplemental EIS.
Additionally, a 30-day statute of limitations limits the scope of our review. RCW 47.52.137 reads as follows:
Following the conclusion of such hearing the authority shall adopt a plan with such modifications, if any, it deems proper and necessary. Its findings and order shall be in writing and copies thereof shall be served by United States mail upon all persons having entered a written appearance at such hearing, and in the case of a state limited access facility, the county commissioners of the county affected and the mayor of the city or town affected. The authority shall also cause a resume of such plan to be published once each week for two weeks in one or more newspapers of general circulation within such county, city or town beginning not less than ten days after the mailing of such findings and order. Such determination by the authority shall become final within thirty days after such mailing unless a review is taken as hereinafter provided. In case of an appeal, the order shall be final as to all parties not appealing. (Emphasis added).
*348 Brighton did not appeal within 30 days. Accordingly, the only issues we need address are whether the 2000 Finding and Order is supported by substantial evidence that WSDOT has complied with the Remand Order of 1996 and whether WSDOT's actions were arbitrary and capricious because the 1984 Tahoma Plan was not followed.
In reviewing administrative action, this court sits in the same position as the superior court, applying the standards of the Administrative Procedures Act[7] (APA) directly to the record before the agency.[8] Under the APA, a reviewing court may reverse an agency adjudicative decision if: (1) the agency's decision is not supported by substantial evidence; or (2) the agency's ruling is arbitrary or capricious.[9] The party challenging an agency's action bears the burden of demonstrating the invalidity of the decision.[10] In reviewing challenged findings under RCW 34.05.570(3)(e), substantial evidence is a sufficient quantity of evidence to persuade a fair-minded person of the truth or correctness of the order.[11] We neither weigh credibility nor substitute our judgment for that of the agency.[12] Furthermore, court's generally accord substantial deference to agency decisions.[13]
With regard to the first order, the agency record meets the standard outlined above. It includes various affidavits establishing that Gary L. McKee, project engineer for the State Department of Transportation, conferred with individuals whose jurisdictions where impacted by this project. In those affidavits, McKee establishes that the project conforms to the requirements of those jurisdictions. Specifically, the record contains a letter from the mayor of Maple Valley (where Brighton's property is located) which reflects that the project "as currently designed conforms to the six-year Transportation Improvement Plan that the City has adopted." In that letter the mayor also states that the City of Maple Valley is "quite interested in exploring a possible extension of SE 240th" but acknowledges that this would be a future project.
The record also includes letters from King County reiterating that any extension of SE 240th is the joint responsibility of King County and the City of Maple Valley, not that of the State. The bulk of the record is made up of numerous traffic studies including a feasibility study of an extension of SE 256th Street. We are satisfied that the agency record is sufficient to persuade a fair-minded person of the truth or correctness of the order.
The second matter remanded to WSDOT related to the removal of the frontage road and/or the extension of SE 240th between SR18 and SR169. Specifically, WSDOT was directed to determine whether the elimination of either was a major change requiring a supplemental EIS. RCW 43.21C.031 requires an EIS where probable adverse environmental impacts are significant. Here, the agency record contains an environmental assessment and an affidavit of Benjamin Brown, documentation engineer in the environmental section of the State Department of Transportation. In the affidavit, Brown outlines environmental analysis and considerations and concludes that a new EIS is not required. Considered in his analysis were the removal of both the frontage road and the intersection of SR18 and SE 240th. In addition, both the National Marine Fisheries and U.S. Fish & Wildlife Service concur with WSDOT's assessment of no adverse environmental impact. We hold that the 2000 Finding and Order is supported by substantial evidence.
*349 Next Brighton argues that WSDOT's actions were arbitrary and capricious because the 2000 Finding and Order was made without regard to the 1984 Tahoma Plan. A decision is arbitrary or capricious under RCW 34.05.570(3)(i) if it is a "willful and unreasoning action, taken without regard to or consideration of the facts and circumstances surrounding the action.'"[14] The trial court's order from Brighton's first appeal did not direct WSDOT to comply with the 1984 Tahoma Plan. The record substantiates that WSDOT did comply with the directives that were included in the order.
AFFIRMED.
WEBSTER, J., and COX, J., concur.
NOTES
[1] The general rule is that the presentation of additional evidence is not permitted in a judicial review of an agency decision where, as here, it is only asserted that the record is incomplete. Lewis County v. Public Employment Relations Comm'n, 31 Wash.App. 853, 861, 644 P.2d 1231 (1982). We granted WSDOT's motion to strike the 1984 Tahoma Plan and 1994 Arterial Capacity Need Report from the record. However, to provide context, both are mentioned below.
[2] These documents were stricken.
[3] Nielson v. Spanaway Gen. Med. Clinic, 135 Wash.2d 255, 262, 956 P.2d 312 (1998).
[4] McDaniels v. Carlson, 108 Wash.2d 299, 303, 738 P.2d 254 (1987).
[5] Nielson, 135 Wash.2d at 263, 956 P.2d 312.
[6] They are whether WSDOT was obligated to conform its highway design to the 1984 Tahoma Plan and the 1994 Arterial Capacity Needs Report, whether a supplemental EIS was required with regard to the elimination of the SE 240th extension, whether a new public hearing was required, and whether removal of access between SE 240th and SR18 required a supplemental EIS.
[7] Chapter 34.05 RCW.
[8] Tapper v. Employment Sec. Dep't, 122 Wash.2d 397, 402, 858 P.2d 494 (1993). See RCW 34.05.570(3)(e)(i).
[9] Tapper, 122 Wash.2d at 402, 858 P.2d 494.
[10] RCW 34.05.570(1)(a).
[11] City of Redmond v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 136 Wash.2d 38, 46, 959 P.2d 1091 (1998)(internal quotation and citation omitted).
[12] US West Communications, Inc. v. Utilities & Transp. Comm'n, 134 Wash.2d 48, 62, 949 P.2d 1321 (1997).
[13] US West, 134 Wash.2d at 56, 949 P.2d 1321.
[14] Redmond, 136 Wash.2d at 46-47, 959 P.2d 1091 (quoting Kendall v. Douglas, Grant, Lincoln & Okanogan Counties Pub. Hosp. Dist. No. 6, 118 Wash.2d 1, 14, 820 P.2d 497 (1991).)