# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| DAMEAS DURANZAN, | No. 47788-2-II |
| Appellant, | UNPUBLISHED OPINION |
| v. | |
| STATE OF WASHINGTON, DEPARTMENT OF SOCIAL & HEALTH SERVICES, | |
| Respondent. | |

SUTTON, J. — Dameas Duranzan appeals the superior court's refusal to consider his petition for review of the Department of Social and Health Services' (DSHS) termination of his interim Aged, Blind, and Disabled (ABD) cash assistance based on his failure to exhaust administrative remedies.[1]  We hold that Duranzan does not show that the Board of Appeals erred when it refused to consider his untimely petition for review.  We also hold that Duranzan fails to show that exhaustion of his administrative remedies would have been futile.  Accordingly, we affirm the superior court's decision to dismiss Duranzan's petition for review, and we affirm the Board's order affirming the termination of Duranzan's ABD benefits.

---

[1] The DSHS also terminated Duranzan's medical assistance benefits.  On appeal, Duranzan does not raise any issues related to that decision.

FACTS

I. TERMINATION OF ASSISTANCE AND ADMINISTRATIVE APPEAL

In 2013, Duranzan started receiving ABD cash assistance from the DSHS. When Duranzan refused to sign a reimbursement agreement that would allow the DSHS to recoup payments if Duranzan received any retroactive federal Supplemental Security Income (SSI) benefits, the DSHS terminated his ABD assistance.

Duranzan requested administrative review. Duranzan asserted that he was unwilling to sign the reimbursement agreement because he had a previous agreement with his landlord, Rainier Rentals, that provided that he would reimburse Rainier Rentals for deferred rent and utility payments out of his retroactive SSI benefits when he was approved for benefits. Duranzan argued that his obligation to repay "Rainier Rentals [was] the equivalent of an attorney being reimbursed out [of] the lump sum award from SSI." Clerk's Papers (CP) at 6.

The administrative law judge (ALJ) rejected this argument, noting that attorney reimbursements were limited to work performed in representing an SSI applicant and that, based on the record before him, Duranzan's agreement with Rainier Rentals was merely an unsecured signature loan. The ALJ concluded that the DSHS was not obligated to make an exception to the requirement that Duranzan sign the reimbursement agreement because he voluntarily entered into a financial agreement with his landlord.

On January 30, 2014, the ALJ mailed the initial order to Duranzan. This order contained the following statement:

> NOTICE TO PARTIES: THIS ORDER BECOMES FINAL ON THE DATE OF MAILING UNLESS WITHIN 21 DAYS OF MAILING OF THIS ORDER A PETITION FOR REVIEW IS RECEIVED BY THE BOARD OF APPEALS, PO BOX 45803, OLYMPIA, WA 98504-5803. A PETITION FORM AND INSTRUCTIONS ARE ENCLOSED.

CP at 10. But the petition form and instructions were not included with this order.

Duranzan contacted the office of administrative hearings about this defect, and the ALJ issued a corrected initial order on February 6, 2014. The content of the corrected initial order was unchanged, but this mailing included the petition form and instructions omitted from the original order. The enclosed form reiterated that any petition for review must be "[r]eceived on or before 21 days from mail date of Initial Decision." CP at 10. According to the DSHS, when Duranzan contacted the hearings office about the initial order, he spoke to an ALJ who informed Duranzan that a corrected order would be issued and "that the appeal period would run from the date that the corrected order was issued." CP at 44.

## II. ATTEMPT TO FILE PETITION FOR REVIEW WITH BOARD OF APPEALS

On February 26, Duranzan contacted the Board and asked for an extension of time in which to file a petition for review. On February 27, the Board advised Duranzan that it would not grant the extension.

Despite the Board's denial of his request for an extension of time, Duranzan faxed a petition for review on March 21. The fax was received 50 days from the mailing of the original initial order and 43 days from the date of the corrected initial order. The Board refused to accept Duranzan's petition because it was untimely, affirmed the ALJ's initial decision, and ordered that the ALJ's initial decision became the final order 21 days after it was mailed on January 30, 2014.

In its decision, the Board stated that Duranzan asserted that the due date for the petition should have been calculated from the date of the second mailing, February 6, 2014, not the January 30, 2014 mailing. But the Board noted that Duranzan did not explain why he failed to timely file his petition on February 27, 2014, 21 days after the second mailing, after the Board notified him it would not grant him an extension of time. Thus, the Board concluded that Duranzan's petition for review was not timely even if the due date was calculated from the February 6 mailing. It also concluded that Duranzan had not established good cause for the delay.

### III. PETITION FOR REVIEW IN SUPERIOR COURT

A month after the Board denied Duranzan's petition for review by the Board, Duranzan petitioned for review in the superior court. In his brief to the superior court, he asked the superior court to reverse the ALJ's decision and asserted that the DSHS could not "compel [him] to commit a crime," apparently by requiring him to sign the reimbursement agreement. CP at 24, 30. He characterized this argument as a constitutional argument or an "individual challenge[] to the rules," that was beyond the ALJ's authority to consider. CP at 24-25, *see also* CP at 53.

Duranzan also argued that the Board had erred when it found that he did not have good cause for filing the late petition for review. He alleged that on February 26, 2014, he had sought additional time to file his petition for review "because of difficulties seeking legal counsel," but he was informed that his petition had been due 21 days after the January 30, 2014 initial order was mailed. CP at 26. He asserted that had the Board granted his request for additional time, his March 21, 2014 petition for review would have been timely. In addition, he argued that the DSHS had failed to "provide reasonable access" based on his mental health and physical issues under its own rules. CP at 27-29.

4

The DSHS responded that the issue before the superior court was whether the Board erred in concluding Duranzan's request for review was untimely and that Duranzan had not established good cause for the delay.

When Duranzan failed to appear for oral argument, the DSHS agreed to allow the superior court to rule without oral argument. The superior court dismissed Duranzan's petition for review. It concluded that (1) substantial evidence supported the review decision and final order's determination that the petition for review by the Board was untimely and without good cause and (2) Duranzan failed to exhaust all available administrative remedies, so judicial review was unavailable under RCW 34.05.534.

Duranzan moved for a rehearing to allow him to present oral argument. He explained that he was unable to attend oral argument because he had been ill, could not travel by foot, and had been deprived of resources he had needed to "barter" for travel assistance. CP at 35. The superior court denied the motion for a rehearing. Duranzan appeals.

## ANALYSIS

Duranzan argues that the Board erred when it concluded that his petition for review was untimely and that the superior court erred when it determined that he failed to exhaust his administrative remedies.[2] We hold that (1) the Board did not err when it concluded that his petition

---

[2] Duranzan also argues that (1) the superior court violated his right to due process by denying his motion for a new trial and (2) the DSHS had previously made inconsistent decisions with respect to recoupment of ABD reimbursements, demonstrating that its requirement that he sign the reimbursement agreement was unreasonable. We do not reach these additional arguments because our holding that Duranzan failed to exhaust his administrative remedies is dispositive.

for review by the Board was untimely[3] and (2) the superior court did not err when it determined

that Duranzan failed to exhaust his administrative remedies.

## I.  STANDARD OF REVIEW

When reviewing an administrative action, we sit in the same position as the superior court,

applying the standards of the Administrative Procedure Act (APA), chapter 34.05 RCW, directly

to the agency record. *Brighton v. Dep't of Transp.*, 109 Wn. App. 855, 861-62, 38 P.3d 344 (2001).

The person challenging an agency's action bears the burden of demonstrating the invalidity of the

decision. *Brighton*, 109 Wn. App. at 862.  We review findings of fact to determine if they are

supported by substantial evidence, and we review conclusions of law de novo to determine if the

reviewing judge correctly applied the law.  RCW 34.05.570(3)(d), (e).

## II.  UNTIMELY PETITION FOR REVIEW TO THE BOARD

Because the superior court relied on the Board's conclusion that Duranzan's petition for

review to the Board was untimely, we briefly review whether Duranzan has shown that the Board's

decision was incorrect.  We hold that he has not.

To obtain an extension of time in which to file for administrative review, the petitioner

must establish good cause.  WAC 182-526-0580(3)(b).  A good cause finding is a factual finding

that we review for substantial evidence.  RCW 34.05.570(3)(e).

---

[3] Although Duranzan does not argue in his opening brief that the Board's decision was incorrect and only mentions this issue briefly in his reply, we have chosen to address this issue because it is the basis of the superior court's decision. *See* RAP 1.2(c) ("The appellate court may waive or alter the provisions of any of [the rules of appellate procedure] in order to serve the ends of justice," subject to exceptions that do not apply here).

The Board found that even if Duranzan's petition was not due until 21 days from the date of the ALJ's second decision, Duranzan failed to establish good cause as to why he did not file his petition by February 27, 2014, after he knew that the Board had denied his request for additional time. At best, the record shows that Duranzan had requested additional time to obtain counsel. But it does not establish why Duranzan waited until the day before the petition was due to request an extension, nor does it contain any information about Duranzan's attempts to obtain counsel or why he needed additional time to find counsel. Thus, based on this record, there is substantial evidence supporting the Board's finding that Duranzan failed to establish good cause and, therefore, the Board did not err in dismissing his petition for review as untimely. We now turn to whether the superior court properly required that Duranzan exhaust his administrative remedies in light of the Board's refusal to consider Duranzan's petition for review by the Board.

### III. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Duranzan argues that his "constitutional right to substantive due process was violated because no impartial decision maker has heard testimony and oral argument." Br. of Appellant at 6-7. He appears to contend that because some of the issues he raised were constitutional issues or challenges to the DSHS's rules, the first impartial decision-maker who could have considered them was the superior court, so exhaustion of his administrative remedies would have been futile. We disagree.

A party must generally exhaust all available administrative remedies before the superior court can grant relief. RCW 34.05.534; *Citizens for Mount Vernon v. City of Mount Vernon*, 133 Wn.2d 861, 866, 947 P.2d 1208 (1997). Exhaustion requires the petitioner to take advantage of all remedies within the administrative process before seeking judicial relief. *State v. Tacoma-*

*Pierce County Multiple Listing Serv.*, 95 Wn.2d 280, 283-84, 622 P.2d 1190 (1980). "The court will not intervene and administrative remedies need to be exhausted when the 'relief sought . . . can be obtained by resort to an exclusive or adequate administrative remedy.'" *Citizens for Mount Vernon*, 133 Wn.2d at 866 (alteration in original) (quoting *S. Hollywood Hills Citizens Ass'n v. King County*, 101 Wn.2d 68, 73, 677 P.2d 114 (1984)). "The [exhaustion] principle is founded upon the belief that the judiciary should give proper deference to that body possessing expertise in areas outside the conventional expertise of judges." *Citizens for Mount Vernon*, 133 Wn.2d at 866.

A court can relieve a petitioner of the requirement to exhaust administrative remedies if the petitioner shows that "[t]he exhaustion of remedies would be futile." RCW 34.05.534(3). But merely raising a constitutional issues or other issues that an ALJ could not have considered does not necessarily demonstrate that exhaustion is not required. Instead, if "'an administrative proceeding might leave no remnant of the constitutional question, the administrative remedy plainly should be pursued.'" *Evergreen Wash. Healthcare Frontier, LLC v. Dep't of Soc. & Health Svcs.*, 171 Wn. App. 431, 451, 287 P.3d 40 (2012) (quoting *Ackerley Commc'ns, Inc. v. City of Seattle*, 92 Wn.2d 905, 909, 602 P.2d 1177 (1979)).

Here, even presuming that the ALJ could not have considered some of the issues Duranzan raised, he fails to show that an administrative proceeding could not have resolved this case. For instance, the ALJ considered and resolved the issues of whether Duranzan was required to sign the reimbursement agreement and whether his agreement with Rainier Rentals precluded him from signing the reimbursement agreement. If the ALJ had ruled the other way on these issues, it would have provided Duranzan with an administrative remedy, regardless of whether he also raised additional issues the ALJ could not have addressed. Thus, Duranzan does not show that the

No. 47788-2-II

superior court erred when it found he had failed to exhaust his administrative remedies and dismissed his petition for review.

We hold that Duranzan does not show that the Board erred when it refused to consider his untimely petition for review by the Board or that the superior court erred when it refused to consider his petition for review because he failed to exhaust his administrative remedies. Accordingly, we affirm the superior court's decision to dismiss Duranzan's petition for review, and we affirm the Board's order affirming the termination of Duranzan's ABD benefits.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

LEE, J.

9