IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| DEOIDE LEA CUNNINGHAM, | ) | No. 73713-9-I |
| Appellant, | ) | |
| | ) | ORDER DENYING APPELLANT'S |
| v. | ) | MOTION FOR RECONSIDERATION, |
| | ) | GRANTING RESPONDENT'S |
| STATE OF WASHINGTON, | ) | MOTION FOR RECONSIDERATION |
| DEPARTMENT OF SOCIAL AND | ) | AND WITHDRAWING AND |
| HEALTH SERVICES, | ) | SUBSTITUTING OPINION |
| | ) | |
| Respondent. | ) | |

Appellant, Deoide Cunningham, and respondent, Department of Social and

Health Services, have filed motions for reconsideration of the opinion filed in the above

matter on July 31, 2017.[1] A majority of the panel has decided that appellant's motion

should be denied and respondent's motion should be granted. The opinion filed on July

31, 2017, shall be withdrawn and a substitute opinion shall be filed. Now, therefore, it is

hereby

---

[1] On August 3, 2017, appellant filed a motion for extension of time to "respond to latest ruling," which this court interpreted as a request for additional time to seek reconsideration of this court's opinion. On August 21, 2017, appellant filed a 239-page motion for reconsideration as well as a separate 9-page document appearing to request the consideration of supplemental evidence, both of which were considered by this court. Accordingly, appellant's request for additional time appears to be moot.

No. 73713-9-I/2

ORDERED that the appellant's motion for reconsideration is denied. It is further

ORDERED that the respondent's motion for reconsideration is granted. And it is further

ORDERED that the opinion filed on July 31, 2017, shall be withdrawn, and a new opinion shall be filed.

_Becker, J._

_Spearman, J._          _Appelwick, J._

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2017 OCT -9 AM 9: 24

2

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| DEOIDE LEA CUNNINGHAM, | ) | No. 73713-9-I |
|---|---|---|
| Appellant, | ) | DIVISION ONE |
| v. | ) | |
| STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | ) | UNPUBLISHED OPINION |
| Respondent. | ) | FILED: October 9, 2017 |

2017 OCT -9 AM 9: 44
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

BECKER, J. — When Deoide Cunningham failed to appear for an administrative hearing, an administrative law judge entered an order of dismissal in favor of the Department of Social and Health Services. The administrative law judge subsequently denied Cunningham's motion to vacate the dismissal for good cause. Cunningham does not challenge the administrative law judge's finding that she lacked good cause but rather contends that the administrative law judge erred in failing to consider certain evidence. We find no error in the administrative law judge's findings regarding good cause and affirm.[1]

---

[1] Respondent sought reconsideration of this court's prior opinion, filed July 31, 2017, based on authority not cited in its original brief. In the interests of justice, we exercised our authority to consider this authority and amended our opinion. RAP 12.2, 12.4.

Cunningham has previously received services and financial benefits from the department as a client of the Development Disabilities Administration. On March 4, 2013, the department notified Cunningham in writing that it was terminating her eligibility for these services effective April 1, 2013, because Cunningham was no longer living in Washington. The notice informed Cunningham that she had until June 4, 2013, to appeal the termination but that she was required to file her appeal by March 31, 2013, in order to continue receiving services pending the appeal.

Cunningham, through her representative, Karl Olson, filed a notice of appeal and requested an administrative hearing with the Office of Administrative Hearings.[2] The record shows that Cunningham faxed the notice of appeal to the Office of Administrative Hearings on March 7, 2013. However, it was misfiled in one of Cunningham's other open cases. Cunningham faxed the notice of appeal a second time on June 3, 2013. An administrative hearing was scheduled for May 20, 2014, at 9:00 a.m. The Office of Administrative Hearings issued an order requiring Cunningham and any of her witnesses to appear in person "due to significant issues of credibility."

At a continuance hearing on December 17, 2013, Cunningham requested to continue receiving services pending the appeal. On January 9, 2014, an administrative law judge issued an order denying continued benefits because

---

[2] Olson is Cunningham's caregiver and significant other.

Cunningham had not appealed the eligibility termination in time. Cunningham did not specifically appeal this order.

Neither Cunningham nor Olson appeared at the May 20 hearing. Nor did they contact the court or otherwise explain their absence. The administrative law judge dismissed Cunningham's appeal.

Cunningham moved to vacate the dismissal, claiming that she had good cause to miss the hearing. Cunningham stated that she had a medical appointment on May 20 and her primary care physician "has asked for all hearings to be continued until issues are identified and therapy initiated." In support of her motion, Cunningham submitted four letters from Dr. Seth Cowan, a naturopathic physician. The first, dated June 10, 2014, stated:

> Ms. Cunningham has multiple serious medical problems. Stress related to DSHS hearings may exacerbate her conditions. Therefore, please allow her power of attorney, Karl Olson, to represent her for related hearings, including via telephone calls and in-person interviews.

The second, also dated June 10, 2014, stated:

> Please excuse Mr. Olson from his appointment on 05/20/14. He was being seen in my office that day.

The third, dated July 10, 2014, stated:

> Please provide special accommodations for Deoide Cunningham by contacting her primary care giver and representative, Karl Olson prior to scheduling further meetings or hearings due to her complex medical situation. If possible, please conduct meeting and hearings via phone. The best time for Ms. Cunningham and Mr. Olson are mid-day between 11 am and 1 pm due to care giving routines and typical scheduled therapy appointments.

3

The fourth, dated August 12, 2014, stated:

> Ms. Cunningham has a complex medical history including seizure disorder, severe constipation and chronic pain. It is my understanding that she required an urgent medical intervention on May 20, 2014, which required her to miss a scheduled DSHS hearing. Please consider reinstating her hearing.

In response, the department submitted an affidavit in which Dr. Cowan stated that Olson's May 20 appointment had been at 1:40 p.m., several hours after the 9:00 a.m. hearing, and was for the purpose of discussing Cunningham's condition, not for an emergent medical matter. Dr. Cowan also stated that Cunningham had not been a patient of his on May 20 and he had not even met her until June 6. Dr. Cowan stated that he was "still unaware of the scope and severity of Ms. Cunningham's purported medical conditions, and that the statement he provided to OAH regarding Ms. Cunningham's condition was at Mr. Olson's request and was based solely on information provided by Mr. Olson."

An administrative law judge denied the motion to vacate the dismissal. The administrative law judge found that Dr. Cowan did not have any personal knowledge of the contents of his statements and that the letters were insufficient to establish "a link between Ms. Cunningham and Mr. Olson's medical conditions and their inability to attend a hearing." The administrative law judge concluded that Cunningham had not shown good cause for failing to attend the May 20 hearing.

As to Cunningham's continued benefits, the administrative law judge found that Cunningham had not filed her notice of appeal until June 3, 2013, and

4

was thus not entitled to continued benefits. The administrative law judge further found:

> 4.10 The motion for a continuance was therefore heard on December 17, 2013. . . . At the same time, Mr. Olson raised, for the first time, the issue of continued benefits under docket number 06-2013-A-0805 claiming Ms. Cunningham had timely requested a hearing by fax on March 7, 2013. The available evidence was reviewed, argument taken, and Mr. Olson was given additional time to provide more evidence of his alleged timely fax.
>
> 4.11 On December 23, 2013, Mr. Olson submitted additional documentation by certified mail, return receipt requested. (A letter from the purported March 7, 2013 fax sender and another copy of the purported fax transmission.) On January 6, 2014, DSHS filed a response. On January 9, 2014, an order denying continued benefits was issued.

In a footnote, the administrative law judge noted:

> More importantly, even if continued benefits had been granted based on the purported timely request, they would have terminated, pursuant to WAC 388-825-150 (11)(c), when Ms. Cunningham failed to appear for hearing on May 20, 2014. There is no right to resume continued benefits pending hearing when a petition to vacate is filed. Even if the letters or other evidence was persuasive that the ruling denying continued benefits was in error, there is no legal basis to grant continued benefits at this point. He may appeal that issue (as he had earlier been instructed) if and when he appeals this initial decision.

Cunningham filed a petition for review with the department's Board of Appeals. A review judge adopted the administrative law judge's findings that Cunningham had not established good cause for her failure to appear at the administrative hearing. The review judge declined to consider Cunningham's challenge to the denial of continued benefits, finding that Cunningham had not sought review of the January 9 order denying continued benefits.

Cunningham sought review in Skagit County Superior Court, which also affirmed the administrative law judge's decision. Cunningham appeals.

In reviewing an administrative action, we sit in the same position as the superior court, applying the standards of the Administrative Procedure Act, chapter 34.05 RCW, directly to the record before the agency. Brighton v. Dep't of Transp., 109 Wn. App. 855, 861-62, 38 P.3d 344 (2001). To the extent they modify or replace the administrative law judge's findings of fact and conclusions of law, a review judge's findings and conclusions are relevant on appeal. Tapper v. Emp't Sec. Dep't, 122 Wn.2d 397, 406, 858 P.2d 494 (1993). The party challenging an agency's action bears the burden of demonstrating the invalidity of the decision. Brighton, 109 Wn. App. at 862 (citing RCW 34.05.570(1)(a)).

We review an agency's factual findings to determine whether they are supported by substantial evidence. Port of Seattle v. Pollution Control Hr'gs Bd., 151 Wn.2d 568, 588, 90 P.3d 659 (2004). Substantial evidence is a sufficient quantity of evidence to persuade a fair-minded person of the truth or correctness of the agency action. Port of Seattle, 151 Wn.2d at 588. We will overturn an agency's findings only if they are "clearly erroneous" and we are "'definitely and firmly convinced that a mistake has been made.'" Port of Seattle, 151 Wn.2d at 588, quoting Buechel v. Dep't of Ecology, 125 Wn.2d 196, 202, 884 P.2d 910 (1994). We view the "evidence and reasonable inferences therefrom in the light most favorable to the party who prevailed at the administrative proceeding below." Kirby v. Emp't Sec. Dep't, 185 Wn. App. 706, 713, 342 P.3d 1151 (2014), review denied, 183 Wn.2d 1010 (2015).

Cunningham primarily challenges the administrative law judge's decision denying continued benefits pending the appeal. Cunningham contends that the administrative law judge violated her right to due process and her right to present a complete defense when it "concealed" or "destroyed" the notice of appeal she faxed on March 7.

The department acknowledges that Cunningham timely filed her notice of appeal to be entitled to continued benefits. See WAC 388-825-130(3) (individual must request administrative hearing within 10 days in order to maintain current services during the appeal process). Because the notice of appeal had been misfiled, the administrative law judge was not aware of it. Therefore, the administrative law judge's finding that Cunningham was not entitled to continued benefits because of her untimely filing was erroneous.[3]

However, because we affirm the dismissal of Cunningham's appeal, thereby upholding the department's termination of her benefits, the erroneous finding was harmless. Even if Cunningham had received benefits during the pendency of her appeal, she would not be entitled to them now, as Medicaid beneficiaries are not entitled to keep benefits received pending a hearing when

---

[3] The department contends that the issue of continued benefits is not properly before us on appeal because Cunningham did not timely appeal the January 9 order. But it is not clear that the January 9 order was an appealable order. The order does not provide Cunningham with notice of her right to appeal. See WAC 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(9) and (10) (requiring an administrative law judge to include in its decision "how to request changes in the decision and the deadlines for requesting them" and "the date the decision becomes final according to WAC 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). Furthermore, the administrative law judge's initial order clearly stated that Cunningham could appeal the denial of continued benefits as part of her appeal of the initial order.

the agency's original action to terminate them is sustained. See 42 C.F.R. § 431.230(b) ("If the agency's action is sustained by the hearing decision, the agency may institute recovery procedures against the applicant or beneficiary to recoup the cost of any services furnished the beneficiary.").

Cunningham also contends that the administrative law judge "concealed" or "destroyed" evidence that the department had withdrawn the March 4 notification in a different proceeding. But, even based on the documents Cunningham has provided from this unrelated proceeding, Cunningham's claim has no basis in fact.

Finally, Cunningham contends that the review judge failed to consider two additional letters that she provided in support of her motion to vacate. The first, dated May 5, 2014, is from Kenneth Dunning, a licensed mental health counselor. According to Dunning, who has reportedly provided counseling for Olson since 2001, Olson has "complained that he is having difficulty maintaining a level of mental acuity over prolonged periods" and "believes this difficulty impairs his ability to deal with matters involving intense concentration." The second, dated May 16, 2014, is from Mary Stone, a licensed mental health counselor. According to Stone, who has seen both Cunningham and Olson for counseling since February 2007, Cunningham "is unable to represent herself due to a seizure disorder and other medical conditions" and Olson "has difficulty with concentration and reasoning, and would not be able to adequately . . . represent

himself or Ms. Cunningham at this time."[4]  But Cunningham fails to establish that these letters, attached as an appendix to her opening brief, were actually provided to the administrative law judge.  Nor does Cunningham articulate how either of these letters would be relevant to the question of whether she was unable to appear in person on May 20.

We affirm the superior court's order affirming the administrative law judge's decision.

Becker, J.

WE CONCUR:

Spearman, J.

Appelwick, J.

---

[4] Cunningham also included copies of identical letters written by Stone, dated February 16, 2014, and December 26, 2013.